142 F.3d 445
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vino Kumar SAVAL; Gita Kamala Nanikram, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70730.
Ins. Nos. Asl-gxl-vog, Afd-bqq-mlq.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 15, 1998.**
Decided April 20, 1998.
 
 Petition for Review of an Order of the Board of Immigration Appeals.
 Before FLETCHER, D.W. NELSON, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vino Kumar Saval and his wife, Gita Kamala Nanikram ("Petitioners"), natives and citizens of India, seek review of the decision of the Board of Immigration Appeals ("BIA") dismissing their appeal of the immigration judge's ("IJ") denial of their applications for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). Gita Kamala Nanikram's claim is derivative of her husband's claim. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we reverse and remand for further proceedings.
 
 
 3
 The BIA's determination that an alien is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record. INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We review the BIA's credibility determinations for substantial evidence. Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). Likewise, we review the BIA's decision not to withhold deportation for substantial evidence. Mejia-Paiz v. INS, 111 F.3d 720, 722 (9th Cir.1997).
 
 
 4
 In the present case, the IJ failed to make an explicit credibility determination. Rather, after specifically noting numerous material inconsistencies in Mr. Saval's application, the IJ vaguely asserted that he "did not know what to believe" and that he did not know "what [was] the real truth." Despite the IJ's failure to issue an explicit credibility determination, the BIA did not conduct its own independent assessment of Mr. Saval's testimony. Cf. Hartooni v. INS, 21 F.3d 336, 342 (9th Cir.1994) (BIA must act as initial factfinder where IJ failed to make necessary findings). Instead, the BIA affirmed the IJ's decision to deny asylum and withholding of deportation after finding that Mr. Saval's "largely uncorroborated testimony disclose[d] insufficient credible, detailed facts to support his persecution claim." Such cursory review by the BIA is troubling, particularly in light of the IJ's failure to make an explicit credibility determination himself in this case. See Hartooni, 21 F.3d at 342 (9th Cir.1994) (holding that BIA erred in "relying on nonexistent 'findings' of the [IJ]").
 
 
 5
 We are unable to assess the merits of Mr. Saval's claims in the absence of a clear credibility determination. Accordingly, we remand to the BIA so that it may make a proper credibility determination.
 
 
 6
 REMANDED.
 
 
 
 **
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3